# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNI

| | |
|---|---|
| **MOTIV POWER SYSTEMS, INC.,** | Case No.: 13-CV-4811 YGR |
| Plaintiff, | **ORDER GRANTING MOTION OF DEFENDANT COMERICA BANK TO TRANSFER CASE PURSUANT TO 28 U.S.C. § 1404(A)** |
| v. | |
| **LIVERNOIS VEHICLE DEVELOPMENT, LLC, COMERICA BANK,** | |
| Defendants. | |

Defendant Comerica Bank ("Comerica") has filed its Motion to Transfer Case to the United States District Court for the Eastern District of Michigan Pursuant to 28 U.S.C. § 1404(a). (Dkt. No. 12.) Comerica seeks a transfer pursuant to the first-to-file rule or, in the alternative, on convenience grounds under section 1404(a).

Plaintiff Motiv Power Systems, Inc. ("Motiv") filed no response to the motion and Comerica filed its Notice of Non-Opposition on December 27, 2013. (Dkt. No. 16.)

Having carefully considered the papers submitted and the pleadings in this action, and the lack of opposition to the motion by Plaintiff, and for the reasons set forth below, the Court hereby **GRANTS** the Motion to Transfer based on the first-to-file rule.[1]

## I. BACKGROUND

### A. The Parties and Dispute

Comerica is a lender to defendant Livernois and its affiliates ("Borrowers").[2] Livernois is an automotive engineering services provider and manufacturer with its principal place of business

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for **January 14, 2014**.

[2] Livernois affiliates include Notada, LLC, and NTD Investments, LLC, neither of which is a party to this or the other pending litigation.

in Michigan. The Borrowers are in default of their obligations to Comerica under the Notes and the total unpaid principal and interest due to Comerica currently exceeds $4.1 million.

Motiv, a California corporation, and Livernois are parties to a November 30, 2012, Consulting Services Agreement (the "CSA") pursuant to which Livernois agreed to "provide [Motiv] with professional, technical engineering, design, fabrication and assembly services" in connection with certain electric vehicle components. Pursuant to that CSA, Motiv delivered to Livernois, in Michigan, certain automotive parts and equipment ("the Goods"). Comerica is not a party to the CSA.

The heart of the dispute between Motiv and Comerica is whether Comerica's asserted lien on the Goods is senior to the Motiv's lien and interests in that same property. Comerica asserts that it is entitled to possess and liquidate any assets of Livernois in order to satisfy Livernois' outstanding debt to Comerica. Comerica further contends that the Goods are the inventory of Livernois and part of its assets.

Comerica alleges that, on September 23, 2013, Motiv forcibly took a portion of the Goods into its possession. The remaining Goods are still in the possession of Livernois in Michigan.

**B.     Chronology of the Litigation**

On October 3, 2013, Comerica filed a Michigan state court action against Motiv in the Wayne County Circuit Court entitled *Comerica Bank v. Motiv Power Systems, Inc.* (Case No. 13-012930- PD) ("the Michigan Complaint"). In its complaint, Comerica contends that it has a prior perfected lien on the Goods, which lien is senior to any interest Motiv claims to have therein. Comerica's complaint states claims for declaratory relief, conversion, and claim and delivery.

On October 4, 2013, Motiv filed the instant action against Livernois in the Superior Court of California, County of San Francisco ("the California Complaint") captioned as *Motiv Power Systems, Inc. v. Livernois Vehicle Development, LLC, et al.* (Case No. CGC-13-534698). On October 15, 2013, Motiv filed an amended complaint in the Motiv State Action for the purpose of adding Comerica as a defendant.

On October 17, 2013, Comerica removed the California Complaint to this Court. On November 4, 2013, Motiv removed the Michigan Complaint to the U.S. District Court for the Eastern District of Michigan.

**II.    DISCUSSION**

A federal district court has discretion to dismiss, stay, or transfer a case to another district court under the first-to-file rule. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982); *Alltrade, Inc. v. Uniweld Prods. Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) ("The most basic aspect of the first-to-file rule is that it is discretionary."). The first-to-file rule is "a generally recognized doctrine of federal comity" permitting a district court to decline jurisdiction over an action. *Inherent.com v. Martindale–Hubbell,* 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006) (citing *Pacesetter*, 678 F.2d at 94–95). The rule is primarily meant to alleviate the burden placed on the federal judiciary by duplicative litigation and to prevent the possibility of conflicting judgments. *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979) (citations omitted). As such, the rule should not be disregarded lightly. *See Microchip Tech., Inc. v. United Module Corp.*, No. CV-10-04241-LHK, 2011 WL 2669627, at *3 (N.D. Cal. July 7, 2011). Courts analyze three factors in determining whether to apply the first-to-file rule: (1) chronology of the actions; (2) similarity of the parties; and (3) similarity of the issues. *Schwartz v. Frito-Lay N. Am.*, No. C-12-02740 EDL, 2012 WL 8147135, at *2 (N.D. Cal. Sept. 12, 2012) (citing *Alltrade*, 946 F.2d at 625).

A court may, in its discretion, decline to apply the first-to-file rule in the interests of equity or where the Section 1404(a) balance of convenience weighs in favor of the later-filed action. *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1149 (E.D. Cal. 2010); *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994). Exceptions to the first-to-file rule include where the filing of the first suit evidences bad faith, anticipatory suits, and forum shopping. *Alltrade*, 946 F.2d at 628. The Ninth Circuit has cautioned that relaxing the first-to-file rule on the basis of convenience is a determination best left to the court in the first-filed action. *Ward*, 158 F.R.D. at 648 (citing *Alltrade*, 946 F.2d at 628).

3

Here, the Michigan Complaint was filed prior to the California Complaint. While the California Complaint was removed to federal court before the Michigan Complaint was removed, the date of removal is immaterial to the first-to-file analysis. *See Hartford Acc. & Indem. Co. v. Margolis*, 956 F.2d 1166 (9th Cir. 1992); *Innovation Ventures, L.L.C. v. Custom Nutrition Laboratories, L.L.C.,* 534 F.Supp.2d 754, 756 (E.D.Mich. 2008).

The issues to be litigated in the two cases are identical. Likewise, the parties are nearly identical, with the only difference being that Livernois is not a party to the Michigan Complaint. However, Livernois' principal place of business was Michigan, making transfer to Michigan a benefit to Livernois, should it ever appear in this litigation. Moreover, any dispute between Livernois and Motiv is subject to an arbitration provision, and Motiv has apparently already filed a demand for arbitration, making the choice of venue essentially irrelevant to Livernois. The dispute between Comerica and Motiv is not subject to that arbitration provision.

Comerica filed its action first, in Michigan. Motiv has offered no reasons in equity why this matter should not be transferred, nor does the Court find any.

Accordingly, the Motion to Transfer based upon first filing is **GRANTED**. This action is transferred to the Eastern District of Michigan. Consequently, the Court does not reach the merits of the motion, in the alternative, for a transfer on convenience grounds.

This Order terminates Docket No. 12.

**IT IS SO ORDERED**.

Date: January 9, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**